**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**MICHAEL A. SCRIVEN,**

**Plaintiff,**

**v.**                                                   **CASE NO. 22-3282-JWL-JPO**


**VITAL CORE, LLC, et al.,**

**Defendants.**


**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff Michael A. Scriven brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has paid the full filing fee.  Mr. Scriven is a pretrial detainee being held at the Sedgwick County Jail ("SCJ") in Wichita, Kansas.  He has also filed a motion requesting injunctive relief (Doc. 2).  For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed, and his motion is denied.

**I.  Nature of the Matter before the Court**

Mr. Scriven's Complaint (Doc. 1) alleges that the medical care provided by the defendants at the SCJ is constitutionally deficient.  He states that he suffers from very painful chronic conditions (heterotopic ossification, dystrophic calcification, arthritis, and degenerative joint disease) and has been taking Tramadol as prescribed for pain relief.  On September 6, 2022, APRN Tracy (LNU) informed Mr. Scriven that Vital Core has a policy to stop all chronic care treatments, and he would no longer receive Tramadol.  Instead, she was putting him on Tylenol.  Plaintiff objected, explaining all of his chronic diseases, the pain he experiences, his treatment history, and

that his conditions will not improve.  Tracy told Plaintiff she had discussed his objections with Dr. Stopp and Ryan, the Director of Nursing at SCJ, but they were still discontinuing the Tramadol. Plaintiff again objected, telling her that Tylenol and any form of acetaminophen hurts his kidney and stomach, and it "does not even touch [his] pain."  Doc. 1, at 8.  According to Plaintiff, Tramadol keeps his pain at a level 1 or 2.  Plaintiff initially refused the Tylenol but has taken it at times with the only result being that he is sick to his stomach for hours.

Plaintiff states that he has repeatedly complained of severe pain to Tracy since September 6, but nothing has changed.  In response to an electronically filed complaint, Jennifer (LNU), Vice President of Vital Core, and Dr. DeMarco, Medical Director of Vital Core, met with Plaintiff on September 21, 2022.  They asked him about his medical conditions and treatment.  Jennifer told him it is a policy, and Plaintiff is not a doctor or prescriber.  Dr. DeMarco said removing the Tramadol is necessary to prepare Plaintiff's brain to better receive the opiates he will need for his chronic pain in the future when he is released.  Dr. DeMarco asked if Plaintiff was still having muscle spasms, and Plaintiff said that he was and that they last up to two minutes at times.  Dr. DeMarco prescribed Baclofen to treat the spasms but refused to reinstate the Tramadol.

Plaintiff alleges that Vital Core has a "policy to interfere with the mandated and prescribed treatment of patients."  Doc. 1, at 10, 11.

Plaintiff names as defendants Vital Core LLC, contracted healthcare provider at the SCJ; Jennifer (LNU), Vice President of Vital Core; Dr. DeMarco, Director of Vital Core; Ryan (LNU), Director of Nursing for Vital Core at the SCJ; and Dr. Stopp, Supervisor for Vital Core at the SCJ. Mr. Scriven seeks unspecified compensatory damages, as well as punitive damages of $1,000,000 to create a chronic care fund to pay for treatment of chronically ill prisoners.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  Discussion

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the Complaint is subject to summary dismissal under 28 U.S.C. § 1915A(b).

### A.  Claims on behalf of other prisoners

Plaintiff may be attempting to raise claims based on the treatment of other prisoners at the SCJ. For instance, he mentions prisoners on dialysis and alleges that Vital Core is considering removing their treatment. Plaintiff lacks standing to raise such a claim. To have standing, a

prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993).

**B. Failure to state a claim for deliberate indifference**

Plaintiff alleges that the defendants have violated his constitutional rights under the Fourteenth Amendment by acting with deliberate indifference to his serious medical needs.

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments.[1]  The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)).  The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind."  *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).  In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.

---

[1] The protections provided by the Eighth Amendment do not directly apply to pretrial detainees, such as Mr. Scriven. *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979).  However, under the Fourteenth Amendment, pretrial detainees are "entitled to the degree of protection against denial of medical attention which applies to convicted inmates under the Eighth Amendment." *Shue v. Laramie Cty. Det. Ctr.*, 594 F. App'x 941, 944–45 (10th Cir. 2014) (quoting *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009)).

1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).

 "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)).  In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).

Plaintiff's Complaint is based on his disagreement with a change made to his pain medication.  He would like different or additional medication to be prescribed.  These allegations do not state an actionable constitutional claim.  "[A] difference of opinion with the medical staff as to the optimal pain-management regimen does not amount to deliberate indifference." *Todd v. Bigelow*, 497 F. App'x 839, 842 (10th Cir. 2012) (citing *see Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir. 2002) ("[A] medical difference of opinion ... is not actionable under the Eighth Amendment.")); *see also Toler v. Troutt*, 631 F. App'x 545, 547–48 (10th Cir. 2015) ("A difference of opinion with medical staff about treatment is not actionable under the Eighth Amendment, nor is a disagreement among medical experts.").  Where, as here, a prisoner is experiencing pain but has not been denied all pain medication, the choice of pain medication by the medical staff "simply does not demonstrate subjective deliberate indifference." *Vreeland v. Fisher*, 682 F. App'x 642, 649 (10th Cir. 2017) (citing *see Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006)).  *See also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (holding that prisoner who was given pain medication for his headaches, albeit not the medication he desired, did not state an Eighth Amendment violation); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief

that he needed additional medication, other than that prescribed by the treating physician, ... [is] insufficient to establish a constitutional violation."); *Wisheneski v. Andrade*, 572 F. App'x. 563 (10th Cir. 2014) (an inmate may not prevail on challenge to medical judgment in substituting other medications for narcotic painkiller); *Levy v. Kafka*, 6 App'x 822, 823 (10th Cir. 2001) (affirming dismissal of § 1983 action when the "materials submitted by [plaintiff] demonstrate[d] the availability of medical care" and the plaintiff merely asserted that "different treatment [was] required to alleviate his pain and suffering"); *Jacobs v. McVea*, No. 14-552, 2014 WL 2894286, at *7 (E.D. La. June 25, 2014) ("While it is evident that plaintiff was unhappy with the over-the-counter pain medication, a prisoner has no right to be prescribed a particular medication for pain, and the fact that he disagrees with the prison medical staff concerning which pain medication is appropriate is not actionable under § 1983."); *Parlin v. Sodhi*, No. 10-6120 VBF (MRW), 2012 WL 5411710, at *5 (C.D. Cal. Aug. 8, 2012) (finding plaintiff's preference for stronger medication "represents precisely the type of difference in medical opinion between a lay prisoner and medical personnel that is insufficient to establish a constitutional violation"); *Mitchell v. GEO Grp., Inc.*, No. CIV-19-40-G, 2019 WL 4923986, at *6 (W.D. Okla. Apr. 10, 2019), *report and recommendation adopted as modified,* No. CIV-19-40-G, 2019 WL 4918775 (W.D. Okla. Oct. 4, 2019) (where plaintiff merely asserted a change in his medication regimen, allegations are insufficient to state a claim under the Eighth Amendment); *Aicher v. New Mexico Dep't of Corr.*, No. 18-CV-474 RB/SMV, 2019 WL 825730, at *4 (D.N.M. Feb. 21, 2019) (finding prison's failure to follow prescription of hospital doctor for narcotic pain relief was not deliberate indifference).

 As the Tenth Circuit stated in *Toler*,

The bottom line is that Mr. Toler identifies no decision clearly establishing the proposition that exercising medical judgment in prescribing one course of treatment

over another constitutes deliberate indifference to a serious medical need. He cannot identify such precedent because our controlling precedent clearly establishes the law to the contrary. Accordingly, even if it could be said that Dr. Troutt was negligent in disregarding the advice of experts he sought out (which we do not decide), the record and the case law do not support the argument that he was deliberately indifferent to Mr. Toler's medical needs in his treatment decisions. *See Self,* 439 F.3d at 1233 ("In the end, the negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." (internal quotation marks omitted)).

*Toler*, 631 F. App'x at 548.

Despite Plaintiff's allegations to the contrary, Defendants did not ignore him. Dr. DeMarco met with him and explained his reasons for discontinuing the Tramadol. He also added a medication to attempt to address Plaintiff's muscle spasms. "[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." *Self,* 439 F.3d at 1232; *see also Ledoux,* 961 F.2d at 1537 (involving a dispute as to what medications were prescribed and noting that matters of medical judgment do not give rise to a § 1983 claim). The factual allegations included in the Complaint and Plaintiff's affidavit attached to his motion for injunctive relief simply do not state a claim for deliberate indifference.

### C. Allegations about APRN Tracy (LNU)

As summarized above, Plaintiff includes in the Complaint allegations about APRN Tracy (LNU). However, Plaintiff has not named Tracy as a defendant. This appears to be an oversight that Plaintiff can correct if he chooses to file an amended complaint.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (22-3282-JWL-JPO) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff is given time to file a complete and proper amended complaint in which he concisely (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**V. Motion for Temporary Restraining Order (Doc. 2)**

Plaintiff filed in conjunction with his Complaint a motion for temporary restraining order (Doc. 2). He asks the Court for an order restraining Vital Core from interfering with "mandated and once prescribed courses of treatment" of chronic care prisoners at the SCJ. Doc. 2, at 6.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court by this Order enters an MOSC directing Plaintiff to show cause why his Complaint should not be dismissed for the reasons set forth. The MOSC provides that Plaintiff has not shown that the Defendants were deliberately indifferent to his health or safety and his claims are subject to dismissal.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **December 10, 2022**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 10, 2022,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated November 10, 2022, in Kansas City, Kansas.**


<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**