IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. SCRIVEN,

    *Plaintiff,*

vs.

VITALCORE HEALTH
STRATEGIES, LLC (named as "Vital Core, LLC"), et al.,

    *Defendants.*

Case No. 22-3282-EFM-RES

**MEMORANDUM AND ORDER**

    Pro se Plaintiff Michael Scriven asserts claims against Defendants VitalCore Health Strategies, LLC, Jennifer Ehrlich, Tracy Staley, Dr. Harold Stopp, Ryan Fickle, and Dr. John Tomarchio for alleged violations of his constitutional rights while in custody at the Sedgwick County Jail. This matter comes before the Court on Plaintiff's "Motion to Strike 'Affirmative Defenses,' 'Defenses,' and 'Statements'" (Doc. 71), which the Court construes as a motion to strike under Federal Rule of Civil Procedure 12(f). For the reasons discussed below, the Court grants in part and denies in part Plaintiff's Motion.

    **I.**    **Factual and Procedural Background**

    Plaintiff is pretrial detainee at Sedgwick County Jail who suffers from chronic and painful health conditions. His physicians allegedly prescribed him a large dose of Tramadol to treat his pain. Plaintiff further alleges that on or around September 2022, Defendants refused to give him

the prescribed Tramadol and offered him ibuprofen or acetaminophen instead, which he refused. According to Plaintiff, Defendants Staley, Ehrlich, and Dr. Tomarchio informed him that he could not receive the prescribed Tramadol per Defendant VitalCore's policy.

Plaintiff filed suit in October 2022. His Amended Complaint asserts the following claims under 42 U.S.C. § 1983: (1) a claim for deliberate indifference of his serious medical needs under the 14th Amendment against Defendants Nurse Staley, Ehrlich, and Dr. Tomarchio; (2) a claim for supervisory liability against Defendants Dr. Stopp and Nurse Fickle; and (3) a claim for *Monnell* liability against Defendant Vital Core. The Amended Complaint also asserts a claim for conspiracy under 42 U.S.C. § 1985. Defendants moved to dismiss Plaintiff's Amended Complaint. The Court granted Defendants' motions as to Plaintiff's conspiracy claim, the § 1983 claim against Defendant Staley in her individual capacity, and the failure to train claim against VitalCore. The Court denied Defendants' motions as to Plaintiff's remaining claims.

In June 2024, Defendants VitalCore, Dr. Stopp, Dr. Tomarchio, and Fickle filed an Answer to Plaintiff's Amended Complaint. The Answer contains a section entitled "Defenses, Affirmative Defenses, and Statements" with 24 numbered paragraphs setting forth the same. Plaintiff then filed the current Motion before the Court, seeking to strike these 24 paragraphs. While Plaintiff's Motion was pending, Defendants moved to amend their Answer because it omitted Defendants Ehrlich and Staley. The Court granted Defendants' motion, and an Amended Answer was filed.

Although Plaintiff's Motion refers to the Answer, and not the Amended Answer, the Court will still rule on it. The defenses, affirmative defenses, and statements at issue in the Answer are

the same as those set forth in the Amended Answer.[1] Thus, the Court's ruling on them is equally applicable to the defenses, affirmative defenses, and statements asserted in the Amended Answer.

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2] A court may strike a defense on its own or on a party's motion.[3] The motion must be filed before responding to a pleading or within 21 days of service of the pleading if no response is allowed.[4]

Within the meaning of Rule 12(f), "[a] defense is insufficient if it cannot succeed, as a matter of law, under any circumstances."[5] To warrant striking a defense, its insufficiency must be "clearly apparent and no factual issues exist that should be determined in a hearing on the merits."[6]

"A motion to strike an affirmative defense as insufficient is disfavored as a drastic remedy."[7] The Court should decline to strike an affirmative defense from a pleading "unless that

---

[1] The Amended Answer contains two additional paragraphs regarding Defendants Ehrlich and Staley, which the Court does not rule on in this Order. Because Defendants inserted these new paragraphs as paragraphs 19 and 20, the numbering of the defenses is different in the Amended Answer. The Court will refer to the paragraph numbers in the Answer because those are the numbers used in the parties' briefs.

[2] Fed. R. Civ. P. 12(f).

[3] Fed. R. Civ. P. 12(f)(1)-(2).

[4] Fed. R. Civ. P. 12(f)(2).

[5] *Flyland Designs, Inc. v. Jake's Fireworks, Inc.*, 2024 WL 3252335, at *2 (D. Kan. July 1, 2024) (citing *Res. Tr. Corp. v. Tri-State Realty Invs. of K.C., Inc*., 838 F.Supp. 1448, 1450 (D. Kan. 1993)).

[6] *Haynes v. Green Ford Sales, Inc*., 263 F.R.D. 647, 649 (D. Kan. 2009) (citations omitted).

[7] *Wilhelm v. TLC Lawn Care, Inc.*, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008) (citing *CSU Holdings, Inc. v. Xerox Corp.*, 1995 WL 261158, at *1 (D. Kan. April 5, 1995)).

material has no possible relation to the controversy and may prejudice the opposing party."[8] The decision to grant a motion to strike an affirmative defense is within a court's sound discretion.[9]

### III.     Analysis

Plaintiff seeks to strike the 24 paragraphs under the heading "Defenses, Affirmative Defenses, and Statements" in Defendants' Answer.  Initially, the Court notes that Plaintiff's motion is untimely.  Defendants filed their Answer on June 26, 2024, and Plaintiff received it on July 17, 2024.  He did not file the current motion, however, until August 30, 2024, which surpassed the 21-day time period set forth in Rule 12(f).  Thus, Plaintiff's motion does not comply with Rule 12(f).

Despite Plaintiff's delay in filing his motion, the Court will exercise its discretion and consider it on the merits.[10]  Plaintiff's motion consists of a single page of conclusory arguments without any citation to authority.  He first seeks to strike paragraphs 2, 3, 5-9, 15, 19, 21, and 22 as "vague and without substance" and paragraphs 2, 3, 5-13, 15, 19, and 20-22 as "conclusory." Plaintiff, however, makes no argument as to how these paragraphs fail as a matter of law under any circumstances. Furthermore, to the extent these paragraphs contain Defendants' affirmative defenses, he fails to identify any prejudice that would justify striking them.[11]  Thus, the Court declines to strike the aforementioned paragraphs on these grounds.

---

[8] *Id*. (citing *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007)).

[9] *Constr. Indus. Laborers Pension Fund v. Explosive Contractors, Inc*., 2013 WL 3984371, at *1 (D. Kan. Aug. 1, 2013) (citing *Geer v. Cox*, 242 F.Supp.2d 1009, 1025 (D. Kan. 2003)).

[10] *See* Fed. R. Civ. P. 12(f)(1) (stating that the court may act on its own in striking matter from a pleading).

[11] *See Wilhelm*, 2008 WL 474265, at *2 (stating that the plaintiff's failure to argue it would be prejudiced by assertion of the affirmative defense is sufficient to deny a motion to strike).

Plaintiff next seeks to strike paragraphs 1, 4, 14, 16, 18, 20 on the basis that they were already decided by the Court. The Court grants Plaintiff's motion as to the defenses listed in paragraphs 1 and 14. In paragraph 1, Defendants assert that the Amended Complaint fails to state a claim upon which relief may be granted. In paragraph 14, Defendants assert that Plaintiff fails to state a claim against Defendant VitalCore under the doctrine announced in *Monell v. Department of Social Services*.[12] But, Defendants already argued in their motions to dismiss that Plaintiff's Amended Complaint fails to state a claim, and the Court rejected this argument as to most of Plaintiff's claims. Specifically, the Court found that Plaintiff did state a claim under § 1983 for deliberate indifference as to Defendants Dr. Stopp, Dr. Tomarchio, Ehrlich, and Fickle. The Court also found that Plaintiff stated a *Monell* claim against Defendant VitalCore. Defendants cannot raise the same defenses in their Answer that the Court has already rejected in ruling on their motions to dismiss.[13] Accordingly, the defenses listed in paragraphs 1 and 14 are no longer valid.

The Court declines to strike paragraphs 4, 16, 18, and 20. In paragraph 4, Defendants assert that Plaintiff failed to exhaust his administrative remedies. Although Defendants moved to dismiss Plaintiff's Amended Complaint based on this defense, the Court denied their motions because the Amended Complaint did not set forth sufficient facts for the Court to make this determination. Thus, the Court has not ruled as a matter of law whether Plaintiff exhausted his administrative remedies, and Defendants may raise this defense at summary judgment or trial. In paragraphs 16 and 18, Defendants Dr. Stopp and Dr. Tomarchio respectively assert that their actions were

---

[12] 436 U.S. 658 (1978).

[13] *See United States ex rel. Feaster v. Dopps Chiropractic Clinic*, LLC, 2016 WL 6462041, at *2 (D. Kan. Nov. 1, 2016) (striking a general "failure to state a claim defense" as invalid because the Court had already considered the defendants' motion to dismiss for failure to state a claim and determined that the plaintiff did state a claim).

discretionary and taken in good faith. They further assert that they are protected by the doctrines of qualified immunity, official immunity, absolute immunity, and/or judicial immunity. The Court only addressed whether Dr. Stopp and Dr. Tomarchio are entitled to qualified immunity and that determination was based on the facts of the Amended Complaint. Plaintiff's claims against Dr. Stopp and Dr. Tomarchio are still pending, and Defendants may raise the defenses asserted in paragraphs 16 and 18 at summary judgment or at trial. Finally, in paragraph 20, Defendants assert that Plaintiff's claims are barred by waiver and/or estoppel. The Court cannot find, and Plaintiff does not point out, where the Court has ruled on the issue of waiver or estoppel. Therefore, the Court will not strike paragraphs 4, 16, 18, and 20 from Defendants' Answer.

Finally, Plaintiff briefly argues in one sentence that paragraphs 1-24 fail to meet the heightened pleading requirements derived from *Bell Atlantic Corp. v. Twombly*[14] and *Ashcroft v. Iqbal*.[15] There is a split within this District regarding the applicability of the *Twombly/Iqbal* standard to affirmative defenses.[16] The undersigned has held that the *Twombly/Iqbal* standard applies to affirmative defenses.[17] But, the Court declines to grant Plaintiff's motion on this basis because Plaintiff does not identify which of the 24 paragraphs contain affirmative defenses or argue why those affirmative defenses fail to meet this standard. It is not the Court's obligation to craft arguments for Plaintiff.[18] Therefore, the Court denies Plaintiff's motion on this basis.

---

[14] 550 U.S. 544, 570 (2007).

[15] 556 U.S. 662 (2009).

[16] *Constr. Indus. Laborers Pension Fund*, 2013 WL 3984371, at *2.

[17] *Id.*

[18] See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that it is not the proper role of the district court to "assume the role of advocate for the pro se litigant").

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Strike Affirmative Defenses, Defenses, and Statements (Doc. 71) is **GRANTED IN PART AND DENIED IN PART**. Paragraphs 1 and 14 are stricken from the "Defenses, Affirmative Defenses, and Statements" in Defendants' Amended Answer.[19]

**IT IS SO ORDERED**.

Dated this 9th day of December, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[19] The defenses listed in paragraphs 1 and 14 in the Answer are the same as those listed in paragraphs 1 and 14 in the Amended Answer.