## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL A. SCRIVEN,

    *Plaintiff,*

 vs.

VITALCORE HEALTH STRATEGIES LLC
(sued as "Vital Core, LLC"), *et al.*,

    *Defendants.*

Case No. 22-cv-3282-EFM-RES

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Declare Plaintiff a Vexatious Litigant (Doc. 103). Defendants Ryan Fickle, Dr. John Tomarchio, Jenny Ehrlich, Dr. Harold Stopp, Tracy Staley, and VitalCore Health Strategies, LLC, ask the Court to impose filing restrictions on Plaintiff Michael Scriven in this case and any future case he may file. For the following reasons, the Court denies Defendants' Motion.

### I.    Factual and Procedural Background

Plaintiff has been a party in three cases: (1) *State of Kansas v. Scriven*, No. 2018-CR-002082, a criminal case filed in Sedgwick County District Court; (2) *Scriven v. Sedgwick County Board of Commissioners, et al.*, a civil case filed in this District, No. 20-cv-03110-JAR-BGS; and (3) *Scriven v. VitalCore Health Strategies*, the instant case before this Court. Defendants argue that Plaintiff's conduct in each of these cases warrants the imposition of filing restrictions.

A.      *State of Kansas v. Scriven*

On August 3, 2018, the State of Kansas initiated a criminal case against Plaintiff.  Plaintiff

has been represented by at least three attorneys. He has also filed six pro se motions: (1) a motion

to modify bond on March 14, 2022; (2) a motion for a protective order on February 17, 2022; (3)

a rape-shield motion on July 22, 2022; (4) a motion to compel on November 4, 2022; (5) a motion

to appoint an investigator on or about February 24, 2023; and (6) a motion for contempt on or

about February 22, 2023.[1]

B.      *Scriven v. Sedgwick County Board of Commissioners, et al.*

On April 13, 2020, Plaintiff filed a complaint alleging the violation of his constitutional

rights while he was incarcerated at the Sedgwick County Jail. Upon initial screening, the Court

directed Plaintiff to show cause why his claims should not be dismissed, or in the alternative, file

an amended complaint. Plaintiff then filed a motion to amend complaint, which appeared to be

Plaintiff's proposed amended complaint but in a confusing and unorthodox form. The Court denied

Plaintiff's motion as moot and directed the Clerk to submit a court-approved § 1983 complaint

form to Plaintiff. On November 30, 2020, Plaintiff filed an amended complaint. In total, Plaintiff's

complaint and amended complaint named ten defendants. Some of these defendants were

dismissed during the Court's initial screening as inappropriate parties.

After Plaintiff filed his amended complaint, the defendants moved to dismiss Plaintiff's

claims. The Court granted in part and denied in part their motions, allowing Plaintiff's claims for

---

[1] After Defendants filed the current Motion before the Court, Plaintiff was convicted by a jury and sentenced to 54 years imprisonment. Thus, Plaintiff's criminal case is now closed. *See* Doc. 133, Plaintiff's Motion to Stay (stating that Plaintiff was convicted in February 2025 and subsequently sentenced to 54 years in prison).

excessive force, failure to protect, and deliberate indifference to his serious medical needs to proceed.

Plaintiff subsequently moved for the appointment of counsel, and the Court granted his motion. However, almost two years after he was appointed, Plaintiff's counsel asked to withdraw. The motion for withdrawal stated that Plaintiff and his attorney were at an impasse as to the litigation. The Court granted the motion.

The remaining defendants offered Plaintiff a settlement, which he accepted. After the settlement conference, however, Plaintiff and opposing counsel disagreed as to the terms of the settlement agreement. The defendants filed a motion to enforce the settlement agreement, to which Plaintiff responded. In their reply, the defendants stated that Plaintiff's response was not based in fact, raised unverifiable and irrelevant assertions, and changed facts on the record. After conducting a settlement conference, the Court granted the defendants' motion.

**C.      This Litigation**

Plaintiff filed this suit in October 2022 after he was denied his prescription medication for his chronic health conditions while incarcerated at the Sedgwick County Jail. Plaintiff's Amended Complaint asserts claims under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs, a claim for *Monnell* liability, and a claim for civil conspiracy. Defendants moved to dismiss all of Plaintiff's claims against them. The Court granted Defendants' motions as to Plaintiff's civil conspiracy claim but denied their motions as to Plaintiff's other claims.

After Defendants filed their Answer, Plaintiff moved for an extension of time to respond to Defendant's Answer. The Court denied Plaintiff's motion, explaining that no response to Defendants' Answer was required under the Federal Rules of Civil Procedure. The parties subsequently began discovery, which lead to several disputes between Plaintiff and Defendants'

counsel. The first dispute involved the scheduling of Plaintiff's deposition. Plaintiff told Defendants' counsel via voicemail that he consented to being deposed after the deadline set forth in the Scheduling Order. But, after Defendants' counsel filed a Notice on the record with the deposition date, Plaintiff moved for a protective order to prevent his deposition on the basis that it was scheduled past the date in the Scheduling Order. Around the same time, Plaintiff also moved for an extension of the Scheduling Order deadlines but continued to oppose a deposition deadline extension. In one of his briefs, Plaintiff called opposing counsel a "liar."

The second and third disputes involved the parties' responses to discovery requests. The Court held two discovery conferences regarding both Plaintiff's and Defendants' responses. In the first conference, the Court addressed Plaintiff's responses to Defendants' interrogatories and requests for production. The Court held the conference upon Defendants' motion because Defendants' counsel never received Plaintiff's response to the Golden Rule letter, and Defendants' counsel was concerned that Plaintiff's verbal responses during the meet and confer conference contradicted Plaintiff's written responses.

In the second conference, the Court addressed Defendants' responses to Plaintiff's requests for admission and Defendants' responses to Plaintiff's requests for production. During this conference, the Court explained to Plaintiff that he did not properly serve his requests for production on Defendants because he served them via voicemail. The Court then proceeded to address the requests for production to see if there were responsive documents Defendants could produce.

Frustrated by their experiences dealing with Plaintiff, Defendants move the Court to declare Plaintiff a vexatious litigant. Defendants seek an order requiring Plaintiff to (1) obtain legal counsel before proceeding in this action; (2) obtain legal counsel before filing any future claim for

relief; (3) obtain leave of court before filing any paper, pleading, or motion in this action; and (4) obtain leave of court before filing any future claim for relief in any court or before the Kansas State Bar.

## II.    Legal Standard

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[2] "Federal courts have 'power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents.'"[3] "An injunction may be appropriate where the court sets forth the litigant's abusive and lengthy history, where the litigant is given notice and an opportunity to be heard, and where the court makes clear the requirements the plaintiff must meet in order to obtain permission to file an action."[4]

## III.    Analysis

Defendants argue that Plaintiff has demonstrated a clear pattern of vexatious litigation that will continue in the future if the Court does not take action to prevent it. According to Defendants, Plaintiff is "improperly weaponizing" the judicial system by (1) filing multiple motions with the intent to delay his cases; (2) proceeding pro se, thus avoiding the sound counsel he might receive from experienced professionals; (3) berating opposing counsel via voicemail; and (4) filing motions not based on sound legal arguments. Defendants contend that Plaintiff's conduct is a waste of judicial resources.

---

[2] *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989)).

[3] *McMurray v. McCelmoore*, 445 F. App'x 43, 45 (10th Cir. 2011) (quoting *Tripati*, 878 F.2d at 353).

[4] *Camick v. Wattley*, 2014 WL 1343274, at *6 (D. Kan. Apr. 4, 2014) (citing *Tripati*, 878 F.2d at 353-54).

The Court recognizes Defendants' frustration dealing with Plaintiff as a pro se litigant. However, the Court is not presently inclined to impose filing restrictions on Plaintiff. Filing restrictions are appropriate when a party has engaged in a pattern of litigation that is "manifestly abusive."[5] Plaintiff's conduct—whether in his civil cases before this Court or his State criminal case—does not meet this rigorous standard.

Contrary to Defendants' argument, Plaintiff has not filed numerous frivolous motions in this case. His motion to respond to Defendants' Answer and his motion to prevent his deposition were certainly meritless. But these two motions do not amount to manifestly abusive conduct. Defendants also point out that Plaintiff filed an inapplicable claim theory—his civil conspiracy claim. But, this argument ignores the fact that this was the only claim that the Court dismissed. All of Plaintiff's other claims survived Defendants' motions to dismiss. Furthermore, to the extent Defendants request that Plaintiff obtain counsel, the Court notes that Plaintiff has moved for the appointment of counsel twice. Each time Magistrate Judge Schwartz denied those motions without prejudice to refiling should Plaintiff's claims survive summary judgment.

Similarly, in Plaintiff's previous civil case before this Court, Plaintiff did not file numerous burdensome motions. And his claims were neither frivolous or meritless. Two of his claims survived the defendants' motions to dismiss, and Plaintiff accepted a settlement offer in exchange for dismissing his claims against the defendants. Defendants argue that Plaintiff's conduct was vexatious because he disagreed with his appointed counsel and asked him to resign. But Plaintiff's counsel represented Plaintiff for almost two years before he withdrew. This was not a situation

---

[5] *Lundahl v. Halabi*, 600 F. App'x 596, 609 (10th Cir. 2014) (quoting *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994).

where Plaintiff repeatedly asked for new counsel after terminating the representation. Besides, Plaintiff is not prohibited from disagreeing with his counsel and prosecuting his claims on his own. Thus, the Court is not persuaded that Plaintiff's conduct in his prior civil case warrants filing restrictions.

As to Plaintiff's state criminal case, Defendants argue that Plaintiff dismissed his attorneys and filed pro se motions for the purpose of delaying time and avoiding conviction. Although the Court does not have jurisdiction over the merits of the state case, the Court may still look to Plaintiff's conduct in that case in determining whether to impose sanctions in this case.[6] Specifically, the Court examines "whether the conduct of this litigant is abusive, as shown by, for example, a history of repetitive and meritless claims."[7] Plaintiff's conduct in the state criminal case was not "abusive." As Plaintiff explains in his response brief, two of his attorneys withdrew for reasons unrelated to Plaintiff. Furthermore, Plaintiff was in jail during the Covid-19 pandemic which also caused a lengthy delay in bringing his case to trial. And, as to the other six pro se motions Plaintiff filed in his criminal case, Defendants have not shown that they were facially inappropriate, repetitive, or burdensome. Thus, filing restrictions are not justified based on Plaintiff's conduct in the state criminal case.

Finally, Defendants' Motion briefly asserts that Plaintiff has left "berating voicemails" for opposing counsel. The Court does not look favorably on this type of behavior. But Defendants have not provided any facts or evidence supporting this assertion, and the Court cannot impose

---

[6] *Okon v. C.I.R.*, 26 F.3d 1025, 1027 (10th Cir. 1994) (citing *Trohimovich v. Commissioner*, 776 F.2d 873, 875 (9th Cir. 1985)).

[7] *Id*. (internal quotation marks, citations, and brackets omitted).

filing restrictions without any evidence of this claim. Accordingly, the Court denies Defendants'

request to declare Plaintiff a vexatious litigant.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Declare Plaintiff a

Vexatious Litigant (Doc. 103) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of May, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE