IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. SCRIVEN,

    *Plaintiff,*

vs.

    Case No. 22-cv-3282-EFM-RES

VITALCORE HEALTH STRATEGIES LLC
(sued as "Vital Core, LLC"), *et al.*,

    *Defendants.*

**MEMORANDUM AND ORDER**

Pro se Plaintiff Michael Scriven is suing Defendants VitalCore Health Strategies, LLC, Dr. Harold Stopp, Jennifer Ehrlich, Ryan Fickle, Dr. Jon Tomarchio, and Tracey Staley for violation of his constitutional rights while incarcerated at the Sedgwick County Jail. This case has advanced well beyond its initial stages. The parties have completed discovery, and Defendants have moved for summary judgment. Plaintiff's response to Defendants' motion is due September 8, 2025.

Although Plaintiff was incarcerated at the Sedgwick County Jail when he filed this lawsuit, he is now in custody of the Kansas Department of Corrections ("KDOC") and resides at Lansing Correctional Facility ("LCF"). On August 12, 2025, Plaintiff filed a Motion for Injunction and Extension of Time (Doc. 137). According to the Motion, Plaintiff is currently housed in the A-7 Management Unit at LCF, which does not have access to LCF's law library. Thus, Plaintiff's only options for researching case law in support of his response to Defendants' summary judgment motion is a tablet with a legal database for inmates to use in their assigned cell house or a school

education tablet with a legal database. Plaintiff maintains that he has filed multiple Form 9 requests for the law library tablet but only received one written response stating, "Law library tablets are not allowed in segregation units." Plaintiff states that he is not housed in a segregation unit. Additionally, on June 25, 2025, Plaintiff filed an emergency grievance to Deputy Warden Reece about his Form 9 requests and asked Deputy Warden Reece to provide him with a law library tablet or an education tablet. Plaintiff alleges that he had not received a response to his grievance as of the time he filed his Motion.

Plaintiff's Motion asks the Court to extend the deadline for him to respond to Defendants' motion for summary judgment. He also asks the Court to issue an injunction against LCF requiring it to provide him with a law library tablet or an education tablet with a legal database.

The Court is concerned by LCF's refusal to respond to Plaintiff's Form 9 requests and emergency grievance regarding a law library or school education tablet. Without access to a legal database, Plaintiff cannot research case law to support his response to Defendants' summary judgment motion. Therefore, Plaintiff's response deadline is stayed until further notice from the Court.

As for Plaintiff's Motion for Injunction, the Court holds it in abeyance until it receives more information on this issue. To that end, the Court will direct the Clerk to enter the KDOC as an interested party on the docket for the limited purpose of providing information, in writing, regarding Plaintiff's request for a tablet with a legal database. Upon the filing of the written report providing the information below, the KDOC may move for termination from this action.

The appropriate KDOC officials are requested to:

(1) determine whether Plaintiff submitted one or more Form 9 requests to the law library for a law library tablet or an education tablet;

(2) determine whether Plaintiff submitted a grievance to Deputy Warden Reece regarding his Form 9 requests for a law library tablet or education tablet;

(3) determine what measures were taken to respond to Plaintiff's Form 9 requests and grievance;

(4) if necessary, consider what actions should be taken by the institution to provide Plaintiff access to a law library tablet or a school education tablet; and

(5) file a written report with this information on or before September 19, 2025.

Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts including Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 137) is **GRANTED**. Plaintiff's response deadline is stayed until further notice from the Court. Plaintiff's Motion for Injunction (Doc. 137) is held in abeyance.

**IT IS FURTHER ORDERED** that the Clerk shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of providing, in writing, a report with the information requested by the Court, as detailed in this Order. The Clerk shall provide a copy of this Order to counsel for the KDOC, and the KDOC is asked to file the written report on or before September 19, 2025.

**IT IS SO ORDERED**.

Dated this 21st day of August, 2025.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE